JAMES ROACHE, RESPONDENT *v.* PATRICK J. KIVLIN, APPELLANT.

*Pleadings — unverified answer to verified complaint — excuse for not verifying, how to be shown.*

The court will not assume, merely from the pleadings, that an answer to a verified complaint was not verified, for the reason that the party answering "would be privileged from testifying as a witness concerning an allegation" contained in the complaint.

*Semble*, That it is proper, when a defendant claims the right to serve an unverified answer to a verified complaint, that he should serve therewith an affidavit showing his excuse for not verifying his answer.

That in any event when a motion is made to set aside the answer, an affidavit should be made showing a valid reason why the answer is not verified.

APPEAL from an order made at Special Term, allowing plaintiff to take judgment against the defendant, unless within ten days he served a verified answer. The action was for *crim. con.*, and the complaint was duly verified. The defendant served an unverified answer, which plaintiff elected to treat as a nullity, and so notified the defendant, who afterwards served an " amended " answer, which was also unverified, and which was in like manner disregarded by plaintiff, and the notice required by section 528 of the Code of Civil Procedure, served. The defendant's time to answer having expired, plaintiff moved on notice for judgment, and the order appealed from was thereupon granted.

*Hawley & McNamara*, for the appellant.

*Reilly & Hamilton*, for the respondent.

PER CURIAM:

In this case the complaint was verified. The defendant served an answer unverified. The plaintiff served notice that he elected to treat it as a nullity, on the ground that it was not verified. Then the plaintiff moved for an order, striking out the answer on this ground and for judgment. The motion was granted unless defendant should serve a verified answer in ten days. From this order the defendant appeals.

No affidavit was made by the defendant giving any reason why the answer was not verified. But, on the argument, the defendant claimed that he was excused from verifying his answer, for the reason contained in the second sentence of section 523 of the Code-viz.: That he would be privileged from testifying as a witness concerning an allegation contained in the pleading. His claim is that to testify concerning his alleged criminal conversation with plaintiff's wife would tend to disgrace him.

There is one consideration which seems to us important in this matter. Whenever, on a trial, a witness claims such a privilege, he must, if required, state (and of course on oath) that the answer, if given, would tend to disgrace him. Now, in the present case, we have no sworn statement to this effect, either served with the answer or used in opposition to the motion. It would seem at

least proper, when a defendant claims the right to serve an unverified answer to a verified complaint, that he should serve therewith an affidavit showing his excuse, in analogy to the case of a witness on the stand. But, if not, when a motion to set aside the answer is made, then (if not before) an affidavit should be made showing a valid reason why the answer was not verified. For we have no right to assume merely from the pleadings that the defendant, if he were a witness, could not have testified concerning some allegation in the complaint without tending to disgrace himself. Certainly, if he were to have verified the answer which he actually served, denying the criminal conversation, the answer would have had no tendency to disgrace him. Without therefore some affidavit on his part, we cannot assume that he could not have served a verified answer which would not have had any tendency injurious to his character.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

So ordered.